**I.W.,** an individual,

        Plaintiff,               **Case No. 1:24-CV-10630**

    v.

**CHOICE HOTELS INTERNATIONAL,
INC., et al.**

        Defendants.

## PLAINTIFF I.W.'S MEMORANDUM IN OPPOSITION TO DEFENDANT CHOICE HOTELS INTERNATIONAL INC.'S MOTION TO IMPOUND AND SEAL

Plaintiff I.W. respectfully requests that this Court DENY Defendant Choice Hotels International Inc.'s Motion to Impound and Seal (ECF No. 41).

## I.    INTRODUCTION

This case arises under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a). Plaintiff I.W. was beaten, raped and forced into sex trafficking between 2016 and 2018 at a hotel supervised, managed, controlled and/or operated by Defendants Choice Hotels International, Inc. ("Choice") and Phoenix Hotel, LLC ("Phoenix"), located at 1005 Belmont Street, Brockton, Massachusetts 02301. (ECF No. 37 at ¶¶ 3-4). I.W. seeks to hold Defendants liable under the TVPRA, which prohibits Defendants "from profiting from any venture they knew or should know involves a violation of § 1591 and thereby establishes a non-delegable duty of reasonable care." (*Id.* at ¶ 34).

On February 21, 2025, Defendant Choice filed a Motion to Impound and Seal two Franchise Agreements concerning the above-mentioned hotel. (ECF No. 41). The first Franchise Agreement was entered into on September 26, 2014, between Choice and Phoenix and the second

Franchise Agreement was entered into on September 28, 2017, between Choice and Omkara Hospitality. (*Id.* at 2, citing Kreindler Declaration and Exhibits B and C). According to Choice, these Franchise Agreements "contain confidential and sensitive business information in the form of Choice's intellectual property[,]" which allegedly justifies impounding and sealing the agreements. (*Id.*, citing Kreindler Declaration at ¶ 13).

Plaintiff I.W. disagrees with this argument. As demonstrated below, Choice has not satisfied its burden of demonstrating a particularized showing of harm sufficient to warrant impounding and sealing the Franchise Agreements. Simply put, Choice makes only a "broad and generic" claim of confidentiality, and it has not overcome the high burden required to overcome the strong presumption that exists in favor of public access to the Franchise Agreements.

Choice should not be permitted to impound and seal Franchise Agreements, the very substance of which Choice relies upon in its separately filed Motion to Dismiss (ECF No. 43) to avoid liability in this case.

## II. ARGUMENT
### A. STANDARD FOR IMPOUNDING AND SEALING DOCUMENTS

There is a common law "right of access" to "judicial documents." Such documents are those on which a court relies in determining the litigants' "substantive rights." *Roy v. FedEx Ground Package Sys., Inc.,* no. 3:17-cv-30116-KAR, 2024 U.S. Dist. LEXIS 82896, at *6-7 (D. Mass. May 7, 2024). "[W]hen documents are filed in connection with a substantive motion, a court cannot freely seal documents even if the court did not actually rely on those documents to rule on the motion." The public has a right to know evidence the court relied upon and evidence which it did not rely upon in determining any particular issue. *Id.* "[A]ll documents filed in connection with a motion that determines the substantive rights of the parties 'are subject to the presumption of public access.'" *Id.* The party seeking to overcome this presumption "must

2

demonstrate significant countervailing interests, like the existence of information in the documents or confidential business information." *Id.* (citations omitted).

In the *Roy* case, the court denied FedEx's request to impound a Compliance Manual, the procedures of which had already been publicly disclosed. The court also found that FedEx failed to articulate a "specific harm that would befall it" if the manual remained on the public docket. *Id.* at *12. The court noted that a "broad and generic claim[ ]" about confidentiality was insufficient to establish good cause for sealing. *Id.* FedEx provided no explanation of how the information would damage it or give an advantage to a competitor. The "simple assertion that [ ] categories of documents contain proprietary or confidential information is not sufficient." *Id.* at *13.

"A party seeking to file a document under seal must demonstrate 'good cause' exists to do so." *Bradford & Bigelow, Inc. v. Richardson,* 109 F.Supp.3d 445, 447 (D. Mass. 2015). There is a long-standing tradition of public access to documents, protected by both common law and the First Amendment. What constitutes "good cause" depends on the nature of the document. There is a presumptive right of access for filings made in connection with non-discovery motions. *Id.* at 448. To seal documents in this context, the party must demonstrate "significant countervailing interests, like the existence of trade secrets in the documents or confidential business information." *Id.* Simply designating something as "confidential" is "not enough." *Id.*

In *Bradford & Bigelow, Inc. v. Richardson,* 109 F.Supp.3d 445, 447 (D. Mass. 2015) the court held that "[t]he more important the document is to the core judicial function of determining facts and law applicable to the case, the stronger the presumption of public access and the higher the burden to overcome it." *See also Am. Well Corp. v. E-Dental Servs., LLC,* no. 24-CV-10517-AK, 2024 U.S. Dist. LEXIS 75470, at *2 (D. Mass. April 25, 2024) (same).

A party seeking to file under seal must make a particularized showing of the harm that would be sustained if the court did not allow filing under seal. *Dunkin Donuts Franchised Rests., LLC v. Agawam Donuts, Inc.,* no. 07-11444, 2008 U.S. Dist. LEXIS 10542, at *1 (D. Mass. Feb. 13, 2008); *see also Metroplex Pathology Assocs. v. Horn,* no. 12-11024-RWZ, 2013 U.S. Dist. LEXIS 322, at *12 (D. Mass. Jan. 2, 2013).

### B. CHOICE HAS NOT DEMONSTATED A PARTICULARIZED SHOWING OF HARM TO JUSTIFY IMPOUNDING AND SEALING FRANCHISE AGREEMENTS

As stated above, there is a strong presumption in favor of public access to the Franchise Agreements Choice seeks to impound and seal. Choice relies upon these same agreements in its Motion to Dismiss (ECF No. 43), in arguing that it cannot be held liable for violation of the TVPRA in this case. This Court should not permit Choice to deprive the public of access to these Agreements given that the Agreements are arguably determinative to the Court's analysis of liability.

In its Motion to Impound and Seal, Choice makes only "broad and generic" claims of confidentiality. Mr. Kreindler's Declaration states that the Agreements are "intellectual property" and that they contain "confidential information." (ECF No. 41-2 at ¶¶ 13-15). However, neither Choice nor Kreindler articulate any particular harm that would befall Choice if the Franchise Agreements are not filed under seal. This failure, coupled with the strong presumption that exists for public access given that the Franchise Agreements could control the Court's liability analysis, should lead this Court to find that Choice has not met its burden to impound and seal.

Plaintiff I.W. does not object to designating the Franchise Agreements as confidential but I.W. does not believe that the public should be deprived of access to the Franchise Agreements since Choice has not made a particularized showing of harm in this case. Choice's argument that

4

"good cause" exists to impound, and seal is deficient in the absence of some showing of a particularized harm. At best, Choice sets forth a "broad and generic" claim of confidentiality, which, under controlling authority, is insufficient to overcome the strong presumption of favor of public access to the Franchise Agreements. For these reasons, the Court must deny Choice's motion to impound and seal.

## III.  CONCLUSION

For the foregoing reasons, Plaintiff I.W. respectfully requests that this Court DENY Choice's Motion to Impound and Seal (ECF No. 41).

Dated: March 21, 2025

Respectfully submitted,

*/s/ Penny L. Barrick*
Penny L. Barrick (*admitted Pro Hac Vice*)
BABIN LAW, LLC
10 West Broad Street, Suite 900
Columbus, Ohio 43215
T: 614-761-8800
E: penny.barrick@babinlaws.com

Michael V. Glennon, Esq.
BBO# 678977
2 Granite Avenue, Suite 400
Milton, MA 02186
T: (508) 822-2000
E: mglennon@kecheslaw.com

**CERTIFICATE OF SERVICE**

I, Jennifer El-Kadi, certify that on March 25, 2025, the foregoing Response in Opposition to Motion to Impound and Seal was filed with the Clerk of the Court and served upon all counsel of record via the Court's CM/ECF system.

*/s/ Penny L. Barrick*
Penny L. Barrick