**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| I.W., an individual, | |
| Plaintiff, | |
| v. | Civil Action No.: 1:24-cv-10630 |
| Choice Hotels International, Inc. *et al.*, | |
| Defendant. | |

**DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.'S MEMORANDUM OF LAW AND BRIEF IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, INTERLOCUTORY REVIEW PURSUANT TO 28 U.S.C. § 1292(b)**

Defendant Choice Hotels International, Inc. ("Choice") respectfully requests the Court's reconsideration of its Order (ECF No. 58) denying Choice's Motion to Dismiss in this matter. Plaintiff's suit is brought under the Trafficking Victims Protection Reauthorization Act, *see* FAC, ¶¶ 137–41, which requires that she properly allege Choice's "participation in a venture which . . . engaged in an act of trafficking" against her, 18 U.S.C. § 1595(a). The First Circuit Court of Appeals, in an opinion authored by former Justice Souter, has explicitly held that a "'venture'" is a "'a group of two more individuals associated in fact.'" *Ricchio v. McLean*, 853 F.3d 553, 556 (1st Cir. 2017) (quoting what is now 18 U.S.C. § 1595(e)(6)).

Plaintiff's FAC does not plead that Choice "associated in fact" with her alleged traffickers. That is fatal to her claim. Plaintiff does not plead that Choice itself or its co-Defendant, Phoenix Hotel, LLC ("Phoenix") "engaged in an act in violation of [18 U.S.C. § 1591(a)]," the relevant trafficking statute. *See, e.g.*, FAC, ¶ 140 (Defendants "knew or should have known violations of § 1591(a) were occurring"). Accordingly, for her theory to pass muster, her proposed "venture"— though it is left undefined—*must* include her trafficker. And, under this Circuit's precedent, that

requires an allegation that Choice and her trafficker were "associated in fact." *Ricchio*, 853 F.3d at 556. Plaintiff never makes that allegation and, given that she recognizes that Choice was a remote franchisor, *see* FAC, ¶ 26, it is unlikely that she could ever credibly make that allegation. Though the Court found Plaintiff's pleading sufficient under the standards laid out in a different, non-biding, out-of-circuit district court decision, *see* Op. at 6 (citing *M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959, 970 (S.D. Ohio 2019)), *Ricchio* remains the controlling law of the First Circuit. And, under that standard, Plaintiff's FAC should be dismissed.

Should the Court be disinclined to reconsider its decision, Choice respectfully requests that the Court consider certifying this issue for interlocutory review under 28 U.S.C. § 1292(b). Whether Plaintiff has pled a "venture" meets all the conditions of that statute. First, the construction of a statutory term, like "venture," is always a pure question of law. Second, there is a "substantial ground for difference of opinion" on this issue in the form of an active Circuit split (though, in Choice's view, Plaintiff's allegations would fail under either side of the split, both of which reject *M.A.*'s position). *Compare Ricchio*, 853 F.3d at 556 *and Bistline v. Parker*, 918 F.3d 839, 873 (10th Cir. 2019) *with Doe #1 v. Apple, Inc.*, 96 F.4th 403, 414–15 (D.C. Cir. 2024), *G.G. v. Salesforce.com, Inc.*, 76 F.4th 544, 554 (7th Cir. 2023), *Jane Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 724–25 (11th Cir. 2021). And third, a First Circuit decision reaffirming the *Ricchio* definition of "venture" would "materially advance the ultimate termination of th[is] litigation" by precluding Plaintiff's claim against Choice. 28 U.S.C. § 1292(b).

I.      **LEGAL STANDARD**

A.      **Reconsideration**

A motion for reconsideration of the denial of a motion to dismiss is brought "pursuant to the court's inherent equitable powers." *In re Telex Secs. Lit.*, 652 F. Supp. 3d 233, 235 (D. Mass. 2023). Among the possible grounds for reconsideration are "if the movant can demonstrate that

the original decision was based on a manifest error of law or was clearly unjust." *Tomon v. Entergy Nuclear Ops., Inc.*, No. 05–12539–MLW, 2011 WL 3812708, at *1 (D. Mass. Aug. 25, 2011) (citation and internal quotation marks omitted). As the First Circuit has explained, "a district court has the inherent power to reconsider its interlocutory orders, and we encourage it to do so where error is apparent." *Fernandez–Vargas v. Pfizer,* 522 F.3d 55, 61 n.2 (1st Cir.2008). The incorrect interpretation of a federal statute constitutes "manifest error." *See, e.g.*, *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004).

### B. Interlocutory Review Under 28 U.S.C. § 1292(b)

Under 28 U.S.C. § 1292(b), a District Court has discretion to certify an order for interlocutory review when the Court is "of the opinion that such order involves [1] a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See In re Envtl. Careers Org., Inc.*, No. 12–10928–GAO, 2013 WL 936501, at *1 (D. Mass. Mar. 11, 2013) (required elements follow the statutory language).

## II. ARGUMENT

### A. Reconsideration is Appropriate to Apply the Correct Definition of "Venture"

For her TVPRA claim to proceed, Plaintiff must plausibly plead that Choice participated in a "venture" which trafficked her. Under this Circuit's precedent in *Ricchio*, a "venture" requires that its members "associated in fact." Yet here, Plaintiff has not pleaded any association at all between Choice and her traffickers, the sole individuals alleged to have engaged in an act of trafficking. Instead, her claim proceeded under a standard created by *M.A.*, an out-of-circuit district court decision which is not binding on this Court. *Ricchio* controls and, by its holding, Plaintiff's claim should be dismissed.

### 1. The First Circuit's Decision in *Ricchio* Supplies the Controlling Definition of "Venture"

A claim under the TVPRA requires that a plaintiff plausibly allege the defendant's "participation in a venture that engaged in an act [of trafficking]." 18 U.S.C. § 1595(a). In *Ricchio v. McLean*, the First Circuit construed this language in case involving allegations that a trafficker (McLean) had engaged in a TVPRA "venture" (in that case, a commercial sex venture) with the owners and operators of the hotel at which the plaintiff was trafficked (the Patels). *See* 853 F.3d at 555. As § 1595 itself does not contain any definition of the term "venture," the Court of Appeals adopted the definition of "venture" found in what is now 18 U.S.C. § 1591(e)(6): "a 'group of two or more individuals associated in fact.'" *Id.* at 556.

The Court of Appeals then found that a "venture" was present based on the allegations presented concerning the prior commercial sex venture between McLean and the Patels: "McLean had prior commercial dealings with the Patels, which the parties wished to reinstate for profit"; "McLean and Mr. Patel enthusiastically expressed this intent by exchanging high-fives in the motel's parking lot while speaking about 'getting this thing going again,' in circumstances in which McLean's coercive and abusive treatment of [the plaintiff] as a sex slave had become apparent to the Patels"; there was "plausible understanding that McLean was forcing sex in the motel room where he held Ricchio hostage, and [it was] fairly inferable that the gainful business that Mr. Patel and McLean spoke of had been and would be in supplying sexual gratification"; and it was "likewise inferable that the Patels understood that in receiving money as rent for the quarters where McLean was mistreating [the plaintiff], they were associating with him in an effort to force [the plaintiff] to serve their business objective." *Id.* at 555.

*Ricchio*'s construction of the term "venture" has never been revisited by the First Circuit and it remains controlling law. *See United States v. López*, 890 F.3d 332, 338 (1st Cir. 2018). The

decision rests on sound principles. It recognized that the civil remedy found in 18 U.S.C. § 1595(a) is necessarily bound up with the criminal statute found 18 U.S.C. § 1591, and drew upon the latter for the definition of the term "venture." *See King v. Burwell*, 576 U.S. 473, 492 (2015) ("A provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme.") (quoting *United Sav. Assn. of Tex. v. Timbers of Inwood Forest Associates, Ltd.,* 484 U.S. 365, 371 (1988)).

Moreover, the phrase "associated in fact" has a relevant pedigree, most notably appearing in the text of the Racketeer Influenced and Corrupt Organizations ("RICO") statute. *See* 18 U.S.C. § 1961(4) (defining "enterprise" as including "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact"). In that context, there is "a requirement that those associated in fact 'function as an ongoing unit' and constitute an 'ongoing organization,'" and that the "members share a 'common purpose.'" *United States v. Cianci*, 378 F.3d 71, 82 (1st Cir. 2004) (citation omitted). Against this legal context, *Ricchio*'s determination that McLean and the Patels formed a "venture" makes sense given their previous and continuing association in a commercial sex business, repeated personal interactions, and interest in "getting this thing going again." *Ricchio*, 853 F.3d at 555.

**2.      The Opinion Uses a Different Definition of "Venture"**

The Opinion cited *Ricchio*, but looked to the decision in *M.A. v. Wyndham Hotels & Resorts, Inc.*, from the Southern District of Ohio, for guidance on how to define a "venture."[1] In relevant part, *M.A.* takes the position that "in the absence of a direct association," a plaintiff may establish a "venture" through "at least a showing of a continuous business relationship between

---

[1] The Opinion also cited *Doe (K.R.D.) v. Wyndham Hotels & Resorts, Inc.*, but that case ultimately relies upon *M.A.* for its definition of a "venture." *See* No. 24-cv-8174, 2025 WL 1166519, at *3 (D.N.J. Apr. 21, 2025) (citing *M.A.*, 425 F. Supp. 3d at 970).

the trafficker and the hotels such that it would appear that the trafficker and the hotels have established a pattern of conduct or could be said to have a tacit agreement." 425 F. Supp. 3d at 970.

To be sure, *M.A.* did discuss *Ricchio*, describing it as one "end[] of a spectrum for civil liability," with "fairly strong evidence that the hotel owner and the trafficker were working together and that the hotel owner intended to profit from the trafficking scheme." *Id.* at 966. But *M.A.* ultimately rejected relying on 18 U.S.C. § 1591(e)'s definitions to supply the content for terms in § 1595(a), *see id.* at 969, and instead borrowed from other caselaw—an antitrust and a false arrest case—to define the term "venture," *see id.* at 970 (citing *In re Polyurethane Foam Antitrust Litigation*, 152 F. Supp. 3d 968, 983 (N.D. Ohio 2015); *McGuire v. Lewis*, No. 1:12-cv-986, 2014 WL 1276168, at *6 (S.D. Ohio Mar. 27, 2014)).

This Court's interpretation of *M.A.*'s definition of a "venture" as being something that does not require "direct association," *id.*, cannot be squared with *Ricchio*'s definition that requires members of the venture to be "'associated in fact,'" 853 F.3d at 556 (quoting 18 U.S.C. § 1591(e)(6)). In the face of that conflict, *Ricchio* must control. *See, e.g.*, *United States v. Fulcar*, 701 F. Supp. 3d 49, 58 (D. Mass. 2023). And that is dispositive of Plaintiff's claim.

### 3. Plaintiff Has Not Pleaded that Choice and Her Traffickers "Associated in Fact"

In its Motion to Dismiss briefing, Choice specifically argued that Plaintiff had not met *Ricchio*'s controlling definition of a "venture." *See* ECF No. 43 at 10–11. Plaintiff did not allege that either Choice or Phoenix itself carried out an act in violation of § 1591(a), thus any venture had to include Plaintiff's traffickers. And Plaintiff did not plead that Choice "associated in fact" with her traffickers. *See id.*

Plaintiff's response was that *Ricchio* held that "two or more individuals [a]re associated in fact when they receive[] something of value through renting space in which forced sex occur[s]." ECF No. 49 at 8. But this simply confuses the requirement of a "venture" and § 1595(a)'s separate requirement that a defendant "knowingly benefit[]" from participation in the "venture." The "association in fact" in *Ricchio* was supplied by the prior and continuing commercial sex interactions between McLean and the Patels, *see* 853 F.3d at 555; that is different from evidence showing that the Patels "knowingly benefitted" from that arrangement. More importantly, *Ricchio*'s main point remains the same: the statute itself, by its own text, requires that the venture's members be "'associated in fact.'" 853 F.3d at 556 (quoting 18 U.S.C. § 1591(e)(6)). *Ricchio*'s specific fact pattern may not "necessarily exhaust[] every variant of statutory violation and basis for civil liability that could survive the general Rule 12(b)(6) motion." *Id.* at 557. But its definition of "venture" is a *sine qua non*.

That is dispositive here, where Plaintiff does not allege that Choice "associated in fact" with her traffickers. To be sure, Plaintiff pleads that she and her traffickers interacted with hotel staff when renting rooms and staying at the hotel. *See* FAC, ¶¶ 54–57. But, even accepting Plaintiff's allegations as true,[2] at most Choice supplied brand standards. *See* Op. at 3. That is not an "association in fact," as that term is used both in *Ricchio* and the broader legal context, and therefore no "venture." And without a properly alleged "venture," Plaintiff's claim must fail. Based on this, Choice respectfully requests that the Court reconsider its Opinion.

---

[2] Choice observes that it has produced to both the Court and Plaintiff the relevant franchise agreement and brand standards. *See* ECF Nos. 41.4, 41.5, and 41.6 (docketed unsealed versions). Those definitively demonstrate that Plaintiff's allegations—which specifically invoke these documents—are simply incorrect. *See J.S.H. v. Choice Hotels Int'l, Inc.*, No. 24-1598-TDC, 2025 WL 2108792, at *5–*7 (D. Md. July 28, 2025).

**B.    In the Alternative, the Opinion Presents an Appropriate Vehicle for Interlocutory Certification Pursuant to 28 U.S.C. § 1292(b)**

As an alternative to reconsideration, Choice respectfully requests that the Court consider exercising its discretion to certify its Opinion for interlocutory review. If *Ricchio* is not the controlling law, then each of the three factors—the presence of a controlling issue of law, a substantial ground for difference of opinion, and the material advancement of an end to the litigation—are present here.

**1.    The Definition of "Venture" is a Controlling Question of Law**

A "controlling question of law usually involves 'a question of the meaning of a statutory or constitutional provision . . .' rather than an application of law to the facts." *South Orange Chiropractic Ctr., LLC v. Cayan LLC*, No. CV 15-13069-PBS, 2016 WL 3064054, at *2 (D. Mass. May 31, 2016) (quoting *Ahrenholz v. Bd. of Tr. of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000)). Likewise, "'[a] question of law is 'controlling' if reversal of the district court's order would terminate the action.'" *Philip Morris v. Harshbarger*, 957 F. Supp. 327, 330 (D. Mass. 1997) (quoting *Klinghoffer v. S.N.C. Achille Lauro,* 921 F.2d 21, 24 (2d Cir. 1990)).

Both of those conditions are met here. The dispute turns entirely on whether the definition of "venture" requires that the members "associated in fact," as *Ricchio* held, or whether it can tolerate the "absence of a direct association," as *M.A.* held. This is a question of "pure law" which the "court of appeals can decide quickly and cleanly without having to study the record." *South Orange*, 2016 WL 3064054, at *2 (citation and internal quotation marks omitted). And the answer to that question is dispositive. If *Ricchio* supplies the standard—as Choice contends—then Plaintiff's FAC should be dismissed. That holding would "terminate the action." *Philip Morris*, 957 F. Supp. at 330 (citation and internal quotation marks omitted).

**2. There is a Substantial Ground for Difference of Opinion**

Choice has explained above its view that *Ricchio* controls on the definition of "venture." However, to the degree that questions exist around *Ricchio*'s vitality and authority, then it bears noting that there is an ongoing circuit split on this matter. *See Waters v. Day & Zimmermann NPS, Inc.*, No. CV 19-11585-NMG, 2020 WL 4754984, at *3 (D. Mass. Aug. 14, 2020) (split among district judges indicates a "substantial ground for difference of opinion"). On one side are *Ricchio* and the Tenth Circuit's decision in *Bistline v. Parker*, which adopts *Ricchio*. *See* 918 F.3d at 873 (holding that "the First Circuit recently persuasively applied the definition from another TVPRA subsection"). On the other are decisions from the D.C., Seventh, and Eleventh Circuits, which have declined to look to the criminal provisions of the TVPRA and, at least as to the D.C. and Eleventh Circuits, have instead relied on dictionary definitions. *See Apple*, 96 F.4th at 414–15; *Salesforce.com*, 76 F.4th at 554; *Red Roof*, 21 F.4th at 724–25.

Indeed, the positions these latter courts take are likewise incompatible with *M.A.*, as they require a shared "undertaking" or "business enterprise." *Apple*, 96 F.4th at 414–15; *Salesforce.com*, 76 F.4th at 553–54; *Red Roof*, 21 F.4th at 724–25. Moreover, these Courts of Appeals have also interpreted the term "participation," in conjunction with the term "venture," so that "something more than engaging in an ordinary buyer-seller transaction is required to establish 'participation' in an unlawful venture." *Apple*, 96 F.4th at 415; *compare K.H. v. Riti, Inc.*, No. 23-11682, 2024 WL 505063, at *4 (11th Cir. Feb. 9, 2024) (rejecting "allegations . . . that [the hotel operator] financially benefitted from renting rooms to [the] trafficker and that [the operator] observed signs of sex trafficking at the hotel . . . [because,] as we made clear in *Red Roof*, allegations of financial benefit alone are not sufficient to establish that the defendant participated in a sex trafficking venture and observing signs of sex trafficking 'is not the same as participating in it'") *with M.A.*, 425 F. Supp. 3d at 971 ("This Court finds Plaintiff has alleged sufficient facts

to show Defendants 'participated in a venture' under § 1595 by alleging that Defendants rented rooms to people it knew or should have known where engaged in sex trafficking.").

All this suggests that how "venture" should be defined is a "'difficult and pivotal question[] of law,'" and one on which the First Circuit should weigh in if *Ricchio* is not a "controlling authority." *Philip Morris*, 957 F. Supp. at 330 (quoting *McGillicuddy v. Clements*, 746 F.2d 76, 76 n.1 (1st Cir. 1984)).

### 3. An Immediate Appeal May Materially Advance the Ultimate Termination of the Litigation

"The requirement that an appeal may materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling question of law." *South Orange*, 2016 WL 3064054, at *2. As Choice explained with respect to the first element, a decision that *Ricchio*'s definition should control is enough to support dismissal. Given that Plaintiff has already amended once, and that it would strain credulity for her to plead new allegations that Choice somehow did "associate in fact" with her traffickers, it is clear that an appeal is likely to bring this case to the close. *See id.* at *2 (explaining that "'avoiding trial proceedings, or at least curtailing and simplifying pretrial or trial,'" is sufficient) (quoting 16 Charles Alan Wright et al., *Federal Practice and Procedure* § 3930 (3d ed. 1998)).

## III. CONCLUSION

Plaintiff has made serious allegations against Choice. Those allegations should be tested against the legal standard set by the Court of Appeals in *Ricchio*, not whatever standard Plaintiff prefer. For that reason, Choice respectfully requests that the Court reconsider its Order denying Choice's Motion to Dismiss or, in the alternative, certify the Order for interlocutory review, pursuant to 28 U.S.C. § 1292(b).

Respectfully submitted this the 1st day of August, 2025.

/s/ Sara M. Turner
Sara M. Turner
(*Admitted pro hac vice*)
Baker Donelson Bearman Caldwell &
Berkowitz, PC
1901 6th Avenue North
Suite 2600
Birmingham, Alabama 35203
Phone: (205) 328-0480
smturner@bakerdonelson.com

/s/ Emily Coughlin
Emily Coughlin (BBO #554526)
Coughlin Betke LLP
175 Federal Street
Boston, Massachusetts 02110
Phone: 617-988-8050
ecoughlin@coughlinbetke.com

***Counsel for Defendant Choice Hotels International, Inc.***

## CERTIFICATE OF SERVICE

I, Emily Coughlin, certify that on Aug. 1, 2025, I caused the foregoing document to be filed with the Clerk of the Court and served upon all counsel of record via the Court's CM/ECF system.

/s/ Emily Coughlin
Emily Coughlin